IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY MCCULLOUGH, | * | |
| | * | |
| v. | * | Civil Action No. CCB-19-926 |
| | * | |
| ANNE ARUNDEL COUNTY, MARYLAND, *et al.* | * | |
| | ****** | |

## MEMORANDUM AND ORDER

Plaintiff Anthony McCullough brought claims against Anne Arundel County and several individual defendants for physical and psychological injuries he alleges resulted from violent and aggressive conduct toward him by Anne Arundel County Police officers during a 2016 traffic stop. (*See* ECF 16, Amended Complaint ¶¶ 10–59, 68–69). He has designated a mental health professional to testify as an expert about his diagnoses and the need for extensive counseling as a result of the defendants' actions. Before the court is defendants' motion to have a licensed and board-certified psychiatrist, Dr. Michael K. Spodak, conduct a psychiatric forensic evaluation of McCullough, pursuant to Fed. R. Civ. P. 35. (ECF 49). Having considered the motion, together with the response and reply, the court will grant the motion.

Under Rule 35, the court may order a party "to submit to a . . . mental examination by a suitably licensed or certified examiner" where the party's mental condition is "in controversy" and where "good cause" exists for the examination. Fed. R. Civ. P. 35(a)(1), (a)(2)(A). An order for the examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Defendants propose the following examination process. Before the examination, Dr. Spodak's assistant would contact McCullough to "obtain a standard background history and information," a process defendants estimate will take no longer than two and a half hours. (ECF

1

49-1 at 5). Also before the examination, McCullough would complete a packet of forms, questionnaires and psychological tests requested by Dr. Spodak and submit them no later than twenty-four hours prior to the examination. Dr. Spodak would then conduct his examination which would last, at most, four hours and would include the following tests: Minnesota Multiphasic Personality Inventory 2 (MMPI 2), Symptom Checklist 90 Revised (SCL 90 R), Depression/Hopelessness Inventory, Million Clinical Multiaxial Inventory-IV (MCMI-IV), and Post traumatic stress disorder checklist for DSM-5 (PCL-5). (*Id.*). The parties have informed the court that the examination will be held at a date and time to be mutually agreed upon by the parties and, due to the COVID-19 pandemic, it will be virtual.

McCullough does not dispute that a mental evaluation under Rule 35 is appropriate in this case. Instead, he makes three objections to the manner and scope of the examination. First, he argues that defendants' proposal to have Dr. Spodak's assistant collect background information from him violates Rule 35's requirement that the mental evaluation be conducted by a "suitably licensed or certified examiner" and is an impermissible attempt to conduct additional factual discovery. Second, McCullough objects to filling out questionnaires prior to the examination. Third, McCullough argues that the breadth of the initial interview and questionnaires is cause for counsel to be present during the examination. The court will address each argument in turn.

1. <u>The Background Interview Will Be Conducted by Dr. Spodak</u>

A mental examination under Rule 35 must be conducted by a "suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). It is not clear to the court why an additional individual from Dr. Spodak's office should be involved in the examination. In their reply brief, defendants propose an alternative whereby Dr. Spodak himself would obtain the background information. (ECF 55 at 3). The court finds this alternative appropriate. Dr. Spodak may conduct

the background interview at the beginning of his examination and the total time Dr. Spodak spends with McCullough is not to exceed six and a half hours.

   2.   The Pre-Interview Questionnaires Will Be Permitted

McCullough's objection to the pre-examination questionnaires is that they appear to delve into issues unrelated to plaintiff's allegations, including his travel history, physical medical history unrelated to psychiatric history, employment history, daily activities, teenage behavior, any past destructive behavior, and personality. McCullough seeks to limit the evaluation to "(1) the specific mental conditions alleged . . . , and (2) the resulting related pain, suffering, and physical manifestations of such mental conditions." (ECF 52 at 6). Defendants argue that their expert has deemed these questionnaires necessary to assist in the mental examination and thus McCullough should be required to complete them. The court agrees with defendants.

Courts are empowered to limit the scope of an examination under Rule 35, but the majority view is that unless good cause is shown to limit the manner or scope of the testing the medical expert deems necessary, the court should defer to the expert's choice of information sought and tests to be administered. *See, e.g.*, *McKisset v. Brentwood BWI One LLC*, No. WDQ-14-1159, 2015 WL 8041386, at *2 (D. Md. Dec. 4, 2015)[1]; *Abdulwali v. Wash. Metro Area Transit Auth.*, 193 F.R.D. 10, 14–15 (D.D.C. 2000); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) ("[S]ome preference should be given to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted, provided it is not an improper examination."); *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202 (N.D. Tex. 1995) (denying a plaintiff's request to limit the scope of her mental examination to prevent the defendant's expert from evaluating a "full history . . . of her personal life," as an

---

[1] Unpublished opinions are cited for the persuasiveness of their reasoning and not for any precedential value.

3

examination of her emotional state "undoubtedly will consist of searching questions of the plaintiff of her past physical and mental and emotional problems"). The information Dr. Spodak seeks is indeed broad, but the court is not persuaded that it is better equipped than a licensed and experienced psychiatrist to determine what questions are necessary to evaluate McCullough's mental state and thus declines to intercede and limit the questionnaires. McCullough will be required to complete the forms and questionnaires that Dr. Spodak requests.

    3.    <u>McCullough's Request for the Presence of Counsel Will Be Denied</u>

McCullough requests the presence of counsel during his interview and examination with Dr. Spodak in order to "protect his due process rights" and to prevent the examination from intruding into matters McCullough or counsel deems unrelated to the issues raised in the case. (ECF 52 at 3, 6). Because the presence of counsel during a Rule 35 examination carries with it the danger of distracting the examination and "interject[ing] an adversarial atmosphere into an objective inquiry," courts in this district have required that a party demonstrate a compelling need for the presence of counsel. *See McKitis v. Defazio*, 187 F.R.D. 225, 228 (D. Md. 1999); *Machie v. Manger*, No. CIV.A. AW-09-2196, 2012 WL 3656501, at *3 (D. Md. Aug. 23, 2012). The court finds that Rule 35 and other procedures available to McCullough adequately protect his rights and that no compelling need exists to disrupt the examination with the presence of counsel. Rule 35 permits counsel to receive Dr. Spodak's report; counsel may depose him and cross-examine him at trial; and if his report reveals some impropriety, nothing prevents McCullough from seeking to exclude Dr. Spodak's testimony. *See id.* at 227–28. Additionally, "any concerns over plaintiff's privacy interests can be adequately addressed by a protective order limiting disclosure of the results of the examination to the attorneys and experts for the attorneys until further court order." *Lahr*, 164 F.R.D. at 202.

Accordingly, it is hereby ORDERED that:

1. Defendants Motion for Mental Examination of Plaintiff (ECF 49) is GRANTED;

2. Dr. Michael K. Spodak will conduct a psychiatric forensic evaluation at a time and date to be mutually agreed upon by the parties;

3. Dr. Spodak's examination will be virtual through a platform such as Skype, Facetime, or Zoom;

4. Prior to the examination, Dr. Spodak's office will send plaintiff a packet of forms, including questionnaires and psychological tests, for plaintiff to complete and provide to Dr. Spodak's office at least twenty-four hours prior to his psychiatric forensic evaluation;

5. Dr. Spodak will obtain background history and information from plaintiff and will administer the following psychological tests:

    a. Minnesota Multiphasic Personality Inventory 2 (MMPI 2);

    b. Symptom Checklist 90 Revised (SCL 90 R);

    c. Depression/Hopelessness Inventory;

    d. Million Clinical Multiaxial Inventory-IV (MCMI-IV);

    e. Post traumatic stress disorder checklist for DSM-5 (PCL-5);

6. Dr. Spodak's examination, including the taking of background history and information from plaintiff, is not to exceed six and a half hours;

7. Counsel will not be permitted to attend the examination; and

8. The associated motions to seal (ECFs 50 and 51) will be GRANTED to protect the confidentiality of personal medical information.

12/11/2020                                                                      /S/
Date                                                                    Catherine C. Blake
                                                                        U.S. District Court Judge